# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN ELLIS,

        Petitioner,    :    Case No. 2:21-cv-5488

 - vs -        District Judge Edmund A. Sargus, Jr.
               Magistrate Judge Michael R. Merz

DAVID W. GRAY, Warden,
 Belmont Correctional Institution

               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is brought by Petitioner John Ellis pursuant to 28 U.S.C. § 2254 with the assistance of counsel Michael Partlow to obtain relief from his conviction in the Cochocton County Court of Common Pleas on two counts of aggravated trafficking in drugs (Petition, ECF No. 1, PageID 1).  The case is ripe for decision on the Petition, the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and Petitioner's Reply (ECF No. 18).  After the Reply was filed the Magistrate Judge reference was transferred to the undersigned at Magistrate Judge Jolson's request to help balance the Magistrate Judge workload in the District (ECF No. 19).

1

**Litigation History**

Ellis was indicted in three separate drug-trafficking cases by the Cochocton County grand jury in late 2018 and early 2019 (State Court Record, ECF No. 10, Exs. 1, 2, and 3). He agreed to plead guilty to the single count of aggravated trafficking in drugs charged in case number 2019 CR 0034, and to an amended count of aggravated trafficking in drugs in case number 2018 CR 0200. In exchange for his pleas of guilty, the State agreed to dismiss all other counts, including the entirety of the indictment in 2018 CR 00193.

After his guilty pleas were accepted, he was sentenced to seven years imprisonment on each count of conviction, to be served consecutively. After an unsuccessful post-conviction motion to run the sentences concurrently, he appealed to the Ohio Fifth District Court of Appeals, represented by the same attorney who represented him at trial. The appeal was unsuccessful (Opinion, State Court Record, ECF No. 10, Ex. 19). Ellis did not timely appeal from this decision, but on July 29, 2019, sought a delayed appeal to the Supreme Court of Ohio, but that court declined jurisdiction (Entry, State Court Record, ECF No. 10, Ex. 24).

On November 23, 2021, Ellis filed the instant habeas corpus Petition, pleading one ground for relief: Petitioner's guilty pleas were not made on a knowing and voluntary basis (Petition, ECF No. 1, PageID 16).

## Analysis

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the

2

province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Not only are habeas courts limited to deciding constitutional claims, those same claims must have been exhausted in the state courts by giving those courts a fair opportunity to decide the claim. If a habeas claim has not been exhausted, the habeas court can stay the habeas proceedings until exhaustion is complete. *Rhines v. Weber*, 544 U.S. 269 (2005). If, however, the federal habeas claim has not been fairly presented to the state courts and there exists no forum in which it can now be presented, the claim is barred by petitioner's procedural default and must be dismissed with prejudice.

The claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). Merely using talismanic constitutional

phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it). A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim." *Hicks v. Straub,* 377 F.3d 538 (6th Cir. 2004), citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

Ellis's habeas claim is that his guilty pleas were not knowing and voluntary. However his theory of why this is so is completely different in this Court than it was on direct appeal. In the Fifth District, Ellis presented this claim as follows:

> 1. The trial court erred and the defendant was denied due process of law when the trial court failed to inform him of the potential for consecutive sentences at the time of his plea.

(Appellant's Brief, State Court Record, ECF No. 11, Ex. 17, PageID 113). In general, this is an "involuntary plea" claim. But the possible consecutive sentences of which he was not informed and which he raised on direct appeal was the possibility that a sentence for violating post-release control could be made to run consecutive to a new sentence. To demonstrate how different that claim was from the one made here, this Report reproduce the decision of the Fifth District on the relevant claim in full:

4

¶ 6 In his first assignment of error, Appellant argues the trial court erred in failing to advise him as a consequence of his plea, any sentence imposed for violation of the community control sanction he was serving from Summit County could be ordered to be served consecutively.

¶ 7 Crim. R. 11 (C)(2)(a) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

¶ 8 Appellant couches his argument in terms of violation of post-release control.

While at one point in the transcript of the sentencing hearing, the trial court mistakenly uses the term post-release control, it is apparent from the remainder of the transcript and the record in this case, Appellant was serving a community control sanction as a result of his conviction in Summit County, not a post-release control sanction.

¶ 9 Appellant relies on *State v. Bishop*, 156 Ohio St. 3d 156, 124 N.E.3d 766, 2018-Ohio-5132, in support of his argument. We find *Bishop* distinguishable from the case at bar.

¶ 10 In *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), the Ohio Supreme Court held the trial court's failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11 (C)(2), and does not render the plea involuntary. Subsequently, in *Bishop, supra,* at paragraph 2 of the syllabus, the Ohio Supreme Court held a trial court must inform a defendant who is on post-release control, and is pleading guilty to a new felony offense, of the trial court's authority to revoke the defendant's post-release control and impose a prison term consecutively to any term of imprisonment it imposes for the new felony offense.

> However, where post-release control is not a consideration, the concerns expressed in *Bishop* do not apply, and *Johnson* does not require a defendant be advised of the possibility of consecutive sentences. *State v. Roberts*, 9th Dist. Medina No. 19CA0004-M, 2019-Ohio-4393, ,r 7.
>
> ¶ 11 The *Bishop* decision specifically cited to the trial court's authority to revoke post-release control. Such authority is set forth in RC. 2929.141:
>
>> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
>>
>> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. (Emphasis added).
>
> ¶12 While the court accepting the guilty plea may terminate post-release control and impose a prison term for its violation regardless of which court in the state imposed the original sentence for which the person is on post-release control, only the original sentencing court may impose a sentence for violation of community control. RC. 2929.15(8). In the instant case, Appellant was not on post-release control, the sentencing court in this case lacked authority to impose a sentence for violation of Appellant's community control sanction from Summit County, and *Bishop* therefore does not apply. We find the trial court did not err in failing to inform Appellant the potential consequences of his plea in the instant case on the potential sentence of the Summit County court should his community control be revoked.
>
> ¶ 13 The first assignment of error is overruled.

(Opinion, State Court Record, ECF No. 11, Ex. 17, PageID 181-84). As can be readily seen, this is not the same claim Ellis make in his habeas Petition. Because of that, there is no state court decision to which this Court can defer under 28 U.S.C. § 2254(d)(1). On the other hand, because Ellis did not present the same claim on direct appeal and there is no state court forum in which he

6

can now present it.  The one-year statute of limitations on petitions for post-conviction relief in Ohio has also expired.

**Claim Raised in the Traverse**

In his Traverse, Ellis argues a completely different claim from that raised in the Petition. Instead of complaining about the plea colloquy, Petitioner argues

> [T]he facts necessary for this Court to address Respondent's current Return of Writ are very concise and do not in any fashion concern the state trial court's compliance with Ohio Criminal Rule 11 at the change of plea hearing in this matter.

(Traverse, ECF No. 18, PageID 274).  "Rather," he asserts," the dispositive facts concern the trial court's involvement **prior to the actual change of plea hearing**, a circumstance which all of the state courts essentially ignored." *Id.* (Emphasis supplied).  He then proceeds to recite what he deems the dispositive facts:

> 1. On July 1, 2019, a pretrial hearing was held in the above captioned cases. At said pretrial the State had offered a plea of guilty to count 1 in case no. 19 CR 34, a felony of the 2"d degree, and a plea of guilty to Count 3 trafficking in methamphetamine a felony of the 2d degree in case no. 18 CR 200. In exchange, all remaining charges against the Defendant would be dismissed.
>
> 2. While in chambers, counsel for the Defendant inquired of the Court the sentence the Defendant would receive if he were to except [sic] said offer. The Court advised that the sentence would be 7 years and counsel could argue for less. Counsel was directed to meet with his client and let the court know what he wanted to do.
>
> 3. Counsel met with his client and his client's mother in the jury room and repeated what was told to him in chambers. The Defendant wanted to have his car released and advised that he believed the children mentioned in Case No. 19 CR 34 arrived after the meth was confiscated.
>
> 4. Counsel returned to chambers and asked the court if he could get another pretrial to further discuss the implications of the plea with

7

> the Defendant. The Court said it would agree to a continuance until July 24, 2019 and if there was no plea, the case would proceed to trial on August 15, 2019.
>
> 5. On July 24, 2019 the State agxeed (sic) to release the Defendant's vehicle upon entry of plea and the Defendant entered a plea of guilty as previously agreed and based on previous representations of counsel on July 1, 2019.

(Traverse, ECF No. 18, PageID 274).  The Court could refuse entirely to deal with this new claim because it is introduced in the Traverse rather than by an amendment to the Petition. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). However, the Court concludes this new claim is procedurally defaulted in many ways which are ripe for consideration without further delay.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

8

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis to determine whether a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

9

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ellis first introduced this claim that his plea was involuntary because of pre-plea involvement of the judge in his Petitioner's Motion to Modify Sentence, filed August 2019, 201(Motion, State Court Record, ECF No. 10, Ex. 11). The trial court treated this as a Petition for Post-Conviction Relief and denied it because "[a]s a matter of law, the Court finds that the bald assertions of counsel, contradicted by the transcript of the proceedings, and unsupported by affidavits, require the Court to dismiss the petition as baseless." (Journal Entry, State Court Record 10, Ex. 14, PageID 98.

Ohio has a relevant procedural rule that post-conviction petitions must be supported by affidavit to the extent they rely on facts outside the record. Ohio Revised Code § 2953.21(b). Ellis's attorney breached that rule and Judge Batchelor enforced it against him. The rule is adequate and independent of federal law: it is common for courts to require facts to be introduced under oath.

Ellis's current counsel hypothesizes that his trial attorney's statement in the Motion of the relevant facts is the equivalent of an affidavit:

> With all due respect, the trial court's comment that no sworn affidavit was submitted in support of Petitioner's Motion is disingenuous. Petitioner was not present when the trial judge in question made the statement in question and, therefore, could not have signed an affidavit regarding such. Rather, Petitioner's trial attorney was present and quite specifically indicated what had transpired. By signing the Motion in controversy containing his own statements as an attorney licensed to practice law in the State of

10

> Ohio, trial counsel provided the functional equivalent of a sworn pleading pursuant to Ohio Civil Rule 11.

(Traverse, ECF No. 18, PageID 280). Although Ellis was not present during the off-record conference, this would not prevent his filing an affidavit of what he was told about what the trial judge said and thus of any unfulfilled promise of a seven-year sentence. And as for the notion that a pleading signed by an attorney subject to Rule 11 is the legal equivalent of an affidavit by the same attorney, Ellis cites no authority and none is known to the undersigned. There is a clear legal distinction, known by any practicing attorney, between a paper signed under penalty of Rule 11 and one sworn to under penalty of perjury. Ellis procedurally defaulted the claim made in the Traverse by not presenting it to the trial court in the form required by Ohio law.

Ellis next procedurally defaulted this claim by not presenting it to the Fifth District Court of Appeals on direct appeal and then defaulted it again by not including it in his appeal to the Supreme Court of Ohio (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11, Ex. 23).

If the Court were to reach the merits of this claim, it would readily find the claim lacking in merit. To the extent Petitioner now claims that he was induced to plead by the promise of a seven-year term, he perjured himself when he responded several times under oath at the plea colloquy that no other promises had been made beyond dismissal of the companion charges. A habeas court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

11

This also is not the claim presented to the Fifth District Court of Appeals. Ellis told that court his plea was invalid because he was not advised as required by *Bishop, supra*, but it turns out *Bishop* was inapplicable because Ellis was not on post-release control.

A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). However, Ellis has offered no argument, much less proof, of excusing cause or prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.
#
September 17, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge