# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN ELLIS,

        Petitioner,       :      Case No. 2:21-cv-5488

 - vs -                          District Judge Edmund A. Sargus, Jr.
                                Magistrate Judge Michael R. Merz

DAVID W. GRAY, Warden,
 Belmont Correctional Institution

                                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 20) recommending the Petition be dismissed with prejudice. District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 24).

Ellis does not object to the litigation history as recited in the Report:

> Ellis was indicted in three separate drug-trafficking cases by the Cochocton County grand jury in late 2018 and early 2019 (State Court Record, ECF No. 10, Exs. 1, 2, and 3). He agreed to plead guilty to the single count of aggravated trafficking in drugs charged in case number 2019 CR 0034, and to an amended count of aggravated trafficking in drugs in case number 2018 CR 0200. In exchange for his pleas of guilty, the State agreed to dismiss all other counts, including the entirety of the indictment in 2018 CR 00193.

(Report, ECF No. 20, PageID 284). The trial court accepted the agreement and the tendered guilty pleas on July 24, 2019, and August 1, 2019 (Guilty Pleas, State Court Record, ECF No. 10, Exs.

1

4, 5, 6, and 7). On August 26, 2019, the trial judge sentenced Ellis to seven years incarceration on each count of conviction, and ordered that those terms be served consecutively. *Id.* at Exs. 9 and 10.

On August 21, 2019, five days before the sentencing entries were filed, Ellis moved to have the sentences run concurrently. *Id.* at Ex. 11. Judge Batchelor denied that motion September 19, 2019. *Id.* at Ex. 14. His Entry undermines the asserted factual basis of the motion, noting that there was no mention in the plea colloquy or at sentencing of a seven-year sentence or of any promises other than the sentence imposed. *Id.* at Ex. 14. Judge Batchelor treated the motion as one for post-conviction relief under Ohio Revised Code § 2953.21 and also noted that the assertions of trial counsel were contradicted by the transcript and unsupported by affidavit. *Id.* at PageID 98. The Motion to Modify was denied. *Id.*

Ellis appealed, represented by the same attorney who had represented him in the trial court. He raised two assignments of error, to wit, that he had not been advised of the possibility of consecutive sentences and that the actual imposition of consecutive sentences was in error (Appellant's Brief, State Court Record, ECF No. 10, Ex. 17). Ellis did not allege error in the denial of his Motion to Modify and in particular did not quarrel with Judge Batchelor's characterization of it as a petition for post-conviction relief or of the judge's application of a requirement that factual assertions be supported by affidavit.

The Court of Appeals affirmed, holding there was no duty to inform a defendant pleading guilty in one county of the possibility that his community control sanction in a different county could be revoked as a result of his new conviction. *State v. Ellis,* Case Nos. 2019CA0014 & 2019CA0015 (Ohio App. 5th Dist. Mar. 24, 2020)(copy at State Court Record, ECF No. 10, Ex. 19). In his Second Assignment of Error, Ellis had argued that consecutive sentences were not

supported by the record, but the Fifth District held otherwise. It did not deal with any argument that Ellis's plea was involuntary because he had been promised a seven-year sentence, because Ellis did not make that argument.

The Fifth District rendered its decision March 24, 2020. *Id.* at Ex. 19. Ellis did not appeal to the Supreme Court of Ohio until July 29, 2020. *Id.* at Ex. 20. That court granted him leave to file a delayed appeal in light of the COVID-19 pandemic, but then declined jurisdiction. *Id.* at Exs. 22, 24.

The Report concluded that Ellis's habeas claim was procedurally defaulted because it had not been fairly presented to the Ohio courts (Report, ECF No. 20, PageID 285-89).

Petitioner's first objection is that the Magistrate Judge raised the procedural default defense *sua sponte:* "The record before this court is quite clear that dismissal on the basis of procedural default was not an argument clearly made in the Return of Writ. Rather, the Magistrate Judge came up with this on his own. . . ." (Objections, ECF No. 23, PageID 301).

The undersigned acknowledges raising the procedural default question *sua sponte*. But the Sixth Circuit has repeatedly held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). Procedural default may be forfeited by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). But even if not pleaded by the State, it may be raised *sua sponte* by the federal courts. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

Indeed, the Sixth Circuit has itself raised the issue *sua sponte*. In *Strong v. Nagy*, 962 F. 3d 192 (6th Cir. 2020)(Moore, Clay & Murphy), the court held: "Although the district court elected to skip to the merits of Strong's claims, we resolve his appeal on the basis of procedural default. See *Sheffield v. Burt,* 731 F. App'x 438, 441 (6th Cir. 2018) ("[W]here a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue.").

Ellis' multiple procedural defaults are very plain. He did not raise the claims he makes here in his Motion to Modify. Nor did he raise them on direct appeal. Nor did he raise them in his appeal to the Supreme Court of Ohio (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 23). Entirely apart from whether the defense was raised *sua sponte*, Ellis has failed to rebut any one of these three defaults.

In addition to his claim that procedural default was raised *sua sponte*, Ellis asserts the Report's analysis was faulty. Judge Batchelor held against Ellis the fact that he did not support his factual allegations with an affidavit: "As a matter of law, the Court finds that the bald assertions of counsel, contradicted by the transcript of the proceedings, and unsupported by affidavits, require the Court to dismiss the petition as baseless." (Journal Entry, State Court Record, ECF No. 10, Ex. 14, PageID 48).

Ellis asserts that both Judge Batchelor and the undersigned erred in holding that an affidavit was required. Instead, he quotes Ohio Revised Code § 2953.21 as providing:

> (b) A petitioner under division (A)(1)(a) of this section **may** file a supporting affidavit and other documentary evidence in support of the claim for relief.

(Emphasis supplied in Objections). Ellis reads this language as allowing evidence dehors the record on appeal may be presented by unsworn statement, but he offers no Ohio case authority in

support. The notion that an Ohio court can consider as evidence to overturn a jury verdict a statement of facts which is unsworn is so far outside our usual jurisprudence as to upset evidence law generally. Surely that it not what the General Assembly meant by using the word "may." One cannot even transfer a car title in Ohio without a sworn statement about the accuracy of the odometer. The word "may" in the statute should be read as providing that if proof of facts in a post-conviction petition must be made, the proof of facts by affidavit is possible, at least as a prelude to an evidentiary hearing.[1] Ellis's counterargument is that his attorney's statement is the legal equivalent of an affidavit, but he also cites no authority for that proposition.

The Report made the point that if what was material about the plea bargain was what Ellis had understood from what his attorney told him, Ellis' own affidavit would have been the best proof. In the Objections, he responds that an affidavit can only be based on personal knowledge (Objections, ECF No. 23, PageID 301). That is correct. If the issue was what the trial judge told counsel about a likely sentence, the trial attorney's affidavit (but not his unworn statement) would have been competent, indeed necessary, since Ellis himself was not there. But on the issue of what the trial attorney told Ellis (which is the material question), Ellis would have had personal knowledge and his own affidavit would then have been competent.

**Conclusion**

Ellis defaulted in presenting the claims he makes here on three separate occasions: in the Motion to Modify (construed as a post-conviction petition), on direct appeal to the Fifth District,

---

[1] On the "plain meaning" fallacy in statutory interpretation, see "The Meaninglessness of the Plain Meaning Rule," Michael R. Merz, 4 Univ. Dayton L. Rev. 31 (1979).

and on further direct appeal to the Supreme Court of Ohio. These defaults bar relief on the merits even if supporting a post-conviction petition with an affidavit is optional. Ellis has offered no excusing cause and prejudice. Accordingly, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 31, 2022.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge