UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN ELLIS,

    Petitioner,                        Case No. 2:21-cv-5488
                                                 Judge Edmund A. Sargus, Jr.
v.                                              Magistrate Judge Michael R. Merz

DAVID W. GRAY, WARDEN BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

**OPINION AND ORDER**

This matter is before the Court on Petitioner's Objections (ECF Nos. 23, 30) to the Magistrate Judge's Report and Recommendation (ECF No. 20) and Supplemental Report and Recommendation (ECF No. 25). For the reasons set forth below, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 23, 30), **ADOPTS** the Report and Recommendation (ECF No. 20) and the Supplemental Report and Recommendation (ECF No. 25), and **DISMISSES** this case.

**I.**

This habeas corpus case was brought by Petitioner John Ellis pursuant to 28 U.S.C. § 2254 with the assistance of counsel to obtain relief from his conviction in the Coshocton County Court of Common Pleas on two counts of aggravated trafficking in drugs. Once the case became ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and Petitioner's Reply (ECF No. 18), the Magistrate Judge issued a Report and Recommendation (ECF No. 20).

In the Report and Recommendation, the Magistrate Judge recommended that the Petition be dismissed with prejudice. Petitioner timely objected. (ECF No. 23.). The undersigned

recommitted the case to the Magistrate Judge (ECF No. 24) who then issued a Supplemental Report and Recommendation (ECF No. 25). Petitioner has filed a Supplemental Objection to this Report. (ECF No. 30.)

Petitioner does not object to the litigation history as recited in the Report:

Ellis was indicted in three separate drug-trafficking cases by the Coshocton County grand jury in late 2018 and early 2019 (State Court Record, ECF No. 10, Exs. 1, 2, and 3). He agreed to plead guilty to the single count of aggravated trafficking in drugs charged in case number 2019 CR 0034, and to an amended count of aggravated trafficking in drugs in case number 2018 CR 0200. In exchange for his pleas of guilty, the State agreed to dismiss all other counts, including the entirety of the indictment in 2018 CR 00193.

(Report, ECF No. 20, PageID 284). The trial court accepted the agreement and the tendered guilty pleas on July 24, 2019, and August 1, 2019 (Guilty Pleas, State Court Record, ECF No. 10, Exs.4, 5, 6, 7.)

On August 21, 2019, five days before the sentencing entries were filed, Mr. Ellis moved to have the sentences run concurrently. *Id.* at Ex. 11. The state court judge denied that motion September 19, 2019. *Id.* at Ex. 14. The state court Entry undermines the asserted factual basis of the motion, noting that there was no mention in the plea colloquy or at sentencing of a seven-year sentence or of any promises other than the sentence imposed. *Id.* at Ex. 14. The state court judge treated the motion as one for post-conviction relief under Ohio Revised Code § 2953.21 and also noted that the assertions of trial counsel were contradicted by the transcript and unsupported by affidavit. *Id.* at PageID 98. The Motion to Modify was denied. *Id.*

Mr. Ellis appealed, represented by the same attorney who had represented him in the trial court. He raised two assignments of error: that he had not been advised of the possibility of consecutive sentences and that the actual imposition of consecutive sentences was in error

2

(Appellant's Brief, State Court Record, ECF No. 10, Ex. 17). Ellis did not allege error in the denial of his Motion to Modify and in particular did not quarrel with the state court judge's characterization of it as a petition for post-conviction relief or of the judge's application of a requirement that factual assertions be supported by affidavit.

The Court of Appeals affirmed, holding there was no duty to inform a defendant pleading guilty in one county of the possibility that his community control sanction in a different county could be revoked as a result of his new conviction. *State v. Ellis,* Case Nos. 2019CA0014 & 2019CA0015 (Ohio App. 5th Dist. Mar. 24, 2020) (copy at State Court Record, ECF No. 10, Ex. 19).  In his Second Assignment of Error, Ellis had argued that consecutive sentences were not supported by the record, but the Fifth District held otherwise.  It did not deal with any argument that Ellis's plea was involuntary because he had been promised a seven-year sentence, because Ellis did not make that argument.

The Fifth District rendered its decision March 24, 2020. *Id.* at Ex. 19. Ellis did not appeal to the Supreme Court of Ohio until July 29, 2020.  *Id.* at Ex. 20.  That court granted him leave to file a delayed appeal in light of the COVID-19 pandemic, but then declined jurisdiction. *Id.* at Exs. 22, 24.  The Report concluded that Ellis's habeas claim was procedurally defaulted because it had not been fairly presented to the Ohio courts.  (Report, ECF No. 20, PageID 285-89).

Mr. Ellis's first objection was that the Magistrate Judge raised the procedural default defense *sua sponte:* "The record before this court is quite clear that dismissal on the basis of procedural default was not an argument clearly made in the Return of Writ. Rather, the Magistrate Judge came up with this on his own. . . ." (Objections, ECF No. 23, PageID 301).

The Magistrate Judge on recommittal addressed Mr. Ellis's objections correctly applying the law to the facts, explaining that while the procedural default issue was raised *sua sponte* by

the Court, the Sixth Circuit has repeatedly held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. (Supp. Report at 3) (citing, inter alia, *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)). The Magistrate Judge appropriately concluded:

> Ellis's multiple procedural defaults are very plain. He did not raise the claims he makes here in his Motion to Modify. Nor did he raise them on direct appeal. Nor did he raise them in his appeal to the Supreme Court of Ohio (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 23). Entirely apart from whether the defense was raised *sua sponte*, Ellis has failed to rebut any one of these three defaults.

(Id. at 4, PageID 307).

Further, the Magistrate Judge considered Mr. Ellis's additional objection, that the state court judge held against Ellis the fact that he did not support his factual allegations with an affidavit: "As a matter of law, the Court finds that the bald assertions of counsel, contradicted by the transcript of the proceedings, and unsupported by affidavits, require the Court to dismiss the petition as baseless." (Journal Entry, State Court Record, ECF No. 10, Ex. 14, PageID 48). Mr. Ellis asserted that both the state court judge and the magistrate judge erred in holding that an affidavit was required. Instead, he quotes Ohio Revised Code § 2953.21 as providing:

> (b) A petitioner under division (A)(1)(a) of this section **may** file a supporting affidavit and other documentary evidence in support of the claim for relief.

(Emphasis supplied in Objections). As to this objection, the Magistrate Judge correctly held:

> Ellis reads this language as allowing evidence dehors the record on appeal may be presented by unsworn statement, but he offers no Ohio case authority in support. The notion that an Ohio court can consider as evidence to overturn a jury verdict a statement of facts which is unsworn is so far outside our usual jurisprudence as to upset evidence law generally. Surely that it not what the General Assembly meant by using the word "may." One cannot even transfer a car title in Ohio without a sworn statement about the accuracy of the odometer. The word "may" in the statute should be read as providing that if proof of facts in a post-conviction petition must be made, the proof of facts by affidavit is possible, at least as a prelude to an evidentiary hearing. Ellis's counterargument is that his attorney's statement is the

4

> legal equivalent of an affidavit, but he also cites no authority for that proposition.
>
> The Report made the point that if what was material about the plea bargain was what Ellis had understood from what his attorney told him, Ellis' own affidavit would have been the best proof. In the Objections, he responds that an affidavit can only be based on personal knowledge (Objections, ECF No. 23, PageID 301). That is correct. If the issue was what the trial judge told counsel about a likely sentence, the trial attorney's affidavit (but not his unsworn statement) would have been competent, indeed necessary, since Ellis himself was not there. But on the issue of what the trial attorney told Ellis (which is the material question), Ellis would have had personal knowledge and his own affidavit would then have been competent.

(Supp. Report at 4 – 5, PageID 307 – 08 .)

### III.

Mr. Ellis objects to the Supplemental Report and Recommendation, arguing that it primarily addresses the issue of whether or not Petitioner has procedurally defaulted. Petitioner contends that in order to address "whether an Affidavit is required to support a Petition for Post – Conviction Relief when the facts being asserted in that Petition **are** within the personal knowledge of a petitioner's trial counsel and the trial judge involved and **are not** within the personal knowledge of the actual petitioner." (Petitioner's Objection at 2, PageID 315) (emphasis in original). Petitioner's argument misses the mark.

That is, the Magistrate Judge explains that because the material question is what the trial attorney told Mr. Ellis, that information was within his personal knowledge and could have been in an affidavit. Thus, Mr. Ellis's objection is without merit.

Additionally, Petitioner is not entitled to a COA, because no "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit has also cautioned that "a court should not

grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

## IV.

Based on the foregoing, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 23, 30), **ADOPTS** the Report and Recommendation (ECF No. 20) and Supplemental Report and Recommendation (ECF No. 25), and **DISMISSES** this action.  The Clerk is **DIRECTED** to **ENTER JUDGEMENT** in favor of Defendant and **CLOSE** this case.

    IT IS SO ORDERED.


**8/3/2023**                                                        s/Edmund A. Sargus, Jr.
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                         **UNITED STATES DISTRICT JUDGE**